IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Robinson, # 96506-071, | ) C/A No. 5:12-752-CWH-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden Robert Farley, FSL Elkton Ohio, | ) |
| Respondent. | ) |

This is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 submitted to the court pro se by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## FACTUAL BACKGROUND

Petitioner is a federal prisoner, currently incarcerated at a federal correctional facility in Lisbon, Ohio, who pleaded guilty in this court to one count of violations of 18 U.S.C. §§ 922(g)(1) and 924(e) (armed career criminal in possession of firearm) and was sentenced under the Armed Career Criminal Act (ACCA) to 180 months in prison and three years of supervised release. His conviction and sentence were entered on March 20, 2001. *United States v. Robinson*, Criminal Action No. 4:00-667-CWH. He did not file a direct appeal, but he did file and pursue an unsuccessful pro se § 2255 motion and appeal therefrom in 2003 and 2004. The issue of the propriety of the predicate crimes to support his sentence was not raised in the § 2255 motion. *Robinson v. United States*, Civil Action No. 4:01-4777-CWH. A two-day hearing was held on the

§ 2255 motion, and summary judgment was granted to the United States. *Id.* The appeal was dismissed for failure to prosecute. *United States v. Robinson*, No. 04-6363 (4th Cir. Oct. 21, 2004).

Most recently, in 2008 and 2009, Petitioner unsuccessfully moved to have his sentence reduced under the "crack cocaine amendment" and moved to withdraw his guilty plea. In this case, he comes to court with a § 2241 Petition asking the court to apply *Begay v. United States*, 553 U.S. 137 (2008), and its progeny to his ACCA sentence. He claims that *Begay* and other lower court cases have changed the law since the time of his sentencing and his § 2255 motion, rendering his sentence invalid. Petitioner claims that this court should exercise jurisdiction under 28 U.S.C. § 2241 to vacate the ACCA sentence because two of his prior convictions (both Indiana state driving under suspension violations) that were used to enhance his sentence do not qualify as "crimes of violence." He also asks the court to find that the remaining three prior drug-related convictions also fail to support the ACCA sentence he received. Petitioner does not allege that the remedy available to federal prisoners under 28 U.S.C. § 2255 is ineffective or inadequate to test the validity of his continued confinement, nor does he state that he sought permission from the Fourth Circuit Court of Appeals to file a second, successive § 2255 motion to raise the sentencing issue in his criminal case before filing this § 2241 Petition.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

2

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

Initially, this court should not consider the merits of the Petition submitted in this case, nor should it be served on Respondent or on the United States Attorney of the District of South Carolina because it was filed in the wrong court. Even though Petitioner was convicted and sentenced in the court over ten years ago, he is currently incarcerated at a federal correctional facility in Lisbon, Ohio. According to the Bureau of Prison's internet website, FCI-Elkton is in the geographical area covered by the United States District Court for the Northern District of Ohio. *See Fed. BOP*, http://www.bop.gov/locations/institutions/elk/index.jsp (last consulted March 31, 2012 (4:46pm)). It is well settled that, a habeas corpus petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfield v. Padilla*, 542 U.S. 426, 446-47 (2004); *Braden v. 30th Jud. Cir.*

*Ct.*, 410 U.S. 484, 494-500 (1973); *Kanai v. McHugh,* 638 F. 3d 251, 255-56 (4th Cir. 2011). This court cannot obtain *in personam* jurisdiction over Petitioner's custodian: Warden Robert Farley of FCI-Elkton, who is in Ohio and who has not been shown to be amenable to personal service in this district. *See Norris v. Georgia*, 522 F.2d 1006, 1010-14 (4th Cir. 1975) ("[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"). Accordingly, the § 2241 Petition in this case should be summarily dismissed.

Moreover, even if this court could obtain personal jurisdiction over Petitioner's warden, the § 2241 Petition is subject to summary dismissal without consideration on the merits or service on Respondent because § 2241 does not provide the required subject-matter jurisdiction. Petitioner seeks to raise issues regarding the underlying validity of his ACCA sentence, which should be pursued, if at all, under 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals stated "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). The Fifth Circuit Court of Appeals held "§ 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.' " *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

> remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action seeking to contest the underlying validity of his federal criminal sentence is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. In fact, the Petition does not contain any argument about the efficacy of § 2255 at all. It is settled in this Circuit that the fact that Petitioner did not prevail in his prior § 2255 action or in his other attempts to contest his sentence in his criminal case does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it. *See In re Vial*, 115 F.3d at 1194 n.5.

At this time, Petitioner cannot argue in good faith that the § 2255 remedy is ineffective or inadequate to test his confinement because it does not appear that he sought authorization from the Fourth Circuit, as required by 28 U.S.C. § 2255(h),[1] to file a successive § 2255 raising his *Begay* arguments by the appropriate method before filing this improper § 2241 Petition. This Petition is, effectively, an unauthorized, successive § 2255 motion that cannot be considered by the court.

---

[1] That subsection reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not attempted to obtain authorization to submit a successive § 2255 motion, and his claims of sentence invalidity rely on cases decided long after his sentence became final. Petitioner has not invoked the savings clause embodied in § 2255, and he should barred from proceeding with this habeas corpus action under § 2241, even if the court could obtain personal jurisdiction over Respondent.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

April 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).