IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Calvin Robinson, | ) | Civil Action No. 5:12-0752-CWH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Robert Farley, FSL Elkton Ohio, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Calvin Robinson (the "Petitioner"), an inmate in FCI Elkton, in Lisbon, Ohio, filed a pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against the respondent, Warden Robert Farley, FSL Elkton Ohio (the "Respondent").[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R").

The magistrate judge submitted a detailed R&R which carefully analyzed the issues and the applicable law prior to recommending, for two reasons, that the petition be dismissed without prejudice and without issuance of service of process. First, a habeas corpus petition must be filed in the judicial district which can acquire in personam jurisdiction of a petitioner's warden or other custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973). In the present case, however, this Court does not have in

---

[1] The Petitioner has identified the facility as Federal Satellite Low Security ("FSL") Elkton, which is adjacent to FCI Elkton. See Bureau of Prisons, Facility Locator, http://www.bop.gov/locations/institutions/index.jsp (last visited July 2, 2013). The Petitioner presently is confined in a community corrections program in Cincinnati. See Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited July 2, 2013).


personam jurisdiction of the Respondent, because he is located in Ohio and has not been shown to be amenable to personal service in the District of South Carolina. (ECF No. 9 at 3-4). See, e.g., Norris v. Georgia, 522 F.2d 1006, 1009 n.2 (4th Cir. 1975) ("Absent . . . authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'").

Second, the magistrate judge reasoned that even if the Court could obtain personal jurisdiction over the Respondent, the Petitioner's § 2241 petition would be subject to summary dismissal without consideration on the merits or service on the Respondent because the issues raised in the Petitioner's petition were more properly raised, if at all, in a § 2255 petition. (ECF No. 9 at 4-5). As the magistrate judge noted, the Petitioner does not argue that the relief available to him under § 2255 is inadequate or ineffective – indeed, the petition does not contain any argument whatsoever as to the efficacy of § 2255. (ECF No. 9 at 5). Furthermore, although the Petitioner previously had filed a § 2255 petition, and had failed to prevail, he did not seek prior authorization from the Fourth Circuit to file a successive § 2255 petition in order to raise the arguments contained in his § 2241 petition. The magistrate judge concluded that the instant petition was, at bottom, an unauthorized, successive § 2255 motion that could not be considered by the Court. (ECF No. 9 at 5-6).

The Petitioner timely filed objections to the R&R. (ECF No. 11). The Court has reviewed the Petitioner's objections and finds that some of them merely restate the arguments that were considered and rejected by the magistrate judge, while others, such as the claim that summary judgment is not warranted, are totally without merit. Significantly, although the Petitioner claims he has "established a pre-requisite for jurisdiction using well settled Jurisdictional § 2241 law[,]" in fact, he has not, and, indeed, cannot do so.



This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1) (2006). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

After carefully reviewing the applicable law, the record in this case, the R&R, and the objections thereto, the Court finds the magistrate judge's R&R fairly and accurately summarizes the facts and applies the correct principles of law. The Court, therefore, accepts and adopts the R&R of the magistrate judge (ECF No. 9) in its entirety. The Petitioner's petition is dismissed without prejudice and without issuance and service of process upon the Respondent.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 8, 2013
Charleston, South Carolina